PER CURIAM.
Robert P. Shields seeks review of a decision by the United States Court of Appeals for Veterans Claims (“CAVC”) dated May 16, 2002, Docket No. 99-2082, affirming a decision by the Board of Veterans’ Appeals (“Board”) that found no clear and unmistakable error (“CUE”) in the Department of Veterans Affairs (“DVA”) regional office’s (“RO’s”) 1958 determination denying Shields service connection for Meniere’s syndrome. We have reviewed Mr. Shields’ arguments, but conclude they are within the general preclusion of this court’s review of the CAVC’s factual determinations or its application of law to facts. No other basis of jurisdiction having been established, the appeal is dismissed.
BACKGROUND
Mr. Shields served on active duty in the Air Force from July 1951 to July 1955. In 1952, he was diagnosed with Meniere’s syndrome incurred in the line of duty. Mr. Shelds’ July 1955 separation examination noted this medical history, but rated his hearing and neurological system as normal and did not include any current diagnosis of Meniere’s syndrome.
In 1958, Mr. Shields first filed a claim with the DVA regional office seeking service connection for “Disability in Service.” The RO denied his claim, noting that although he had been treated for Meniere’s syndrome in 1952, there was no subsequent complaint for this condition during service or at the time of discharge.
Forty years later, in 1998, Mr. Shields filed a second claim seeking service connection for Meniere’s syndrome and contending that the 1958 decision constituted CUE. The RO denied service connection and found no CUE in the 1958 decision.
Mr. Shields appealed the 1998 RO decision. In January 1999, a DVA physician diagnosed him with Meniere’s syndrome and found that “[i]t is at least as likely as not that the patient’s Meniere’s disease had its onset in the service as he has had persistent intermittent progressive symptoms since his initial hospitalization at that time.” As a result, a hearing officer decision granted Mr. Shields’ service connection for Meniere’s syndrome, effective from the date of his 1998 claim, but denied the CUE claim regarding the 1958 RO decision. Mr. Shields appealed the decision to the Board.
The Board denied the CUE claim, holding that the 1958 decision was reasonable in light of the evidence available at that time. On appeal from the Board decision, the CAVC affirmed the Board decision. The court stated that for CUE to exist, “either (1) the correct facts in or constructively in the record were not before the adjudicator or (2) the statutory or regulatory provisions in effect at the time of the decision were incorrectly applied.” Because the Board properly held that it could not consider evidence that was not before the RO in 1958, the court found that the Board’s decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. After his motion for reconsideration was denied, Mr. Shields filed a timely appeal to this court.
*284 DISCUSSION
This court’s jurisdiction in reviewing CAVC decisions is limited. 38 U.S.C. § 7292 provides:
§ 7292. Review by United States Court of Appeals for the Federal Circuit (a) After a decision of the United States Court of Appeals for Veterans Claims is entered in a case, any party to the case may obtain a review of the decision with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation (other than a refusal to review the schedule of ratings for disabilities adopted under section 1155 of this title) or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision.
(d)(2) Except to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.
Further, this court has jurisdiction to review a CAVC decision if the appeal presents: (1) issues concerning the validity of statutes or regulations on which the decision of the CAVC depended; (2) issues of interpretation of a statute or regulation if the CAVC decision depended on that interpretation; and (3) issues of validity or interpretation raised before the CAVC but not decided, if the decision would have been altered by adopting the position that was urged. Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc).
Mr. Shields’ appeal does not satisfy any of the grounds for invoking this court’s jurisdiction. The CAVC’s order denying Mr. Shields’ requested relief did not address or otherwise depend on deciding any issue of validity or interpretation of any statute or regulation. Nor did Mr. Shields raise before us any argument concerning the validity or interpretation of any such provision. Mr. Shields also fails to raise any constitutional issues. The Board decision from which Mr. Shields appealed to the CAVC decided the issue of CUE. The CAVC’s factual determinations pertaining to CUE or application of the law of CUE to the facts are not within our jurisdiction. 38 U.S.C. § 7292(d)(2). Mr. Shields’ appeal is therefore not within this court’s jurisdiction.
The appeal is therefore dismissed for lack of jurisdiction.